THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA A. KOLVICK,

    Plaintiff,

 v.

MICHAEL J. ASTRUE,

    Defendant.

CASE NO. C10-1804-JCC

ORDER

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 3), the report and recommendation of U.S. Magistrate Judge Mary A. Theiler (Dkt. No. 24), the Commissioner's objections (Dkt. No. 25), Plaintiff's objections (Dkt. No. 26), and the remaining record, adopts the report and recommendation.

## I. BACKGROUND

Plaintiff's applications for disability insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing on January 21, 2010, the administrative law judge (ALJ) found Plaintiff not disabled. The Appeals Council thereafter denied Plaintiff's request for review.

Plaintiff sought review of the Commissioner's decision in this Court. In a report submitted on July 1, 2011, Magistrate Judge Theiler recommended remanding the matter for further administrative proceedings. Both parties submitted objections to Judge Theiler's report.

## II. DISCUSSION

The Court must make a de novo determination of those portions of a magistrate judge's report or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

### A. The Commissioner's Objection.

The Commissioner objects to the magistrate judge's determination that remand is necessary to assess the severity of Plaintiff's knee condition. The ALJ stated in her opinion that the record contained no knee-related complaints beyond those dated in 2007, when in fact a February 2008 Disability Report and May and August 2008 treatment notes contained references to knee problems. (Administrative Record (AR) at 249, 938, 951.) The Commissioner argues that the ALJ's failure to address the 2008 evidence is harmless because "no evidence supports a claim that Plaintiff's knee problems lasted for a 12-month continuous period and Plaintiff cites none." (Dkt. No. 25 at 3.)

The Commissioner's argument with respect to the duration of the alleged knee problems may have some merit, but the ALJ nonetheless was required to consider the limiting effects of all of the Plaintiff's impairments, including those that are not deemed severe, in determining the Plaintiff's residual functional capacity. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e). It is possible that the post-2007 knee issues in the record could have affected the ALJ's determination of (1) whether Plaintiff suffers from a severe impairment and (2) whether Plaintiff has demonstrated an inability to perform past relevant work. The magistrate judge therefore correctly concluded that remand is necessary for evaluation of these issues in light of the evidence not previously considered.

### B. Plaintiff's Objections.

#### 1. Concentration, persistence, or pace.

Plaintiff first objects that the magistrate judge misinterpreted legal authority in concluding that "the ALJ's assessment and corresponding hypothetical . . . adequately captured restrictions related to concentration, persistence, or pace." (Dkt. No. 24 at 8.) Plaintiff argues that

the ALJ did not account for her own recognition that Plaintiff has "moderate difficulties" with concentration, persistence, or pace in assessing Plaintiff's residual functional capacity. Plaintiff cites *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002), *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), and *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010) in contending that the ALJ should reconcile her "inconsistent" findings on remand. (Dkt. No. 26 at 2.)

Plaintiff, however, does not address the magistrate judge's primary reason for recommending that the ALJ's decision be upheld on this issue—that the psychiatric review technique described in 20 C.F.R. §§ 404.1520a and 416.920a is not identical to the residual functional capacity assessment, and that the ALJ's conclusions regarding Plaintiff's residual functional capacity are supported by substantial evidence. (Dkt. No. 24 at 5-6.) The Court therefore agrees with the magistrate judge that Plaintiff has failed to demonstrate error on this point.

Nonetheless, Plaintiff's objections to the magistrate judge's reading of the above cases are unavailing. First, Plaintiff mischaracterizes *Thomas* and the magistrate judge's interpretation of it. Plaintiff argues that the vocational expert in *Thomas* actually took into account the claimant's difficulties with concentration, persistence, or pace. (Dkt. No. 26 at 3.) That is not accurate. The ALJ in *Thomas*, as here, did not explicitly incorporate deficiencies in concentration, persistence, or pace into the hypothetical provided to the vocational expert, but rather directed the expert to credit the opinion of a medical expert who had testified that the claimant had difficulties with concentration, persistence, or pace. 278 F.3d at 954, 956. The Ninth Circuit held that the ALJ's hypothetical was adequate, given the testimony of the medical expert regarding the claimant's functional limitations. *Id.* at 956. The instant case is similar. The ALJ's hypothetical to the vocational expert incorporated the conclusion of Dr. Robinson, whose assessment that Plaintiff is able to carry out simple, routine tasks and complex tasks was based on Plaintiff's moderate difficulties with concentration. (AR at 392.) The magistrate judge

correctly concluded that *Thomas* supports the ALJ's findings.

Similarly, the Seventh Circuit in *O'Connor-Spinner* avoided a rigid approach to the issue of how a hypothetical is framed to a vocational expert, stating, "[w]e have not insisted . . . on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." 627 F.3d at 619. Instead, the ALJ's assessment and hypothetical will be adequate where they are consistent with restrictions identified in the medical testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). This is an inherently fact-intensive inquiry, and the magistrate judge correctly noted that the ALJ relied on the medical testimony of Dr. Robinson and Dr. Sandvik in characterizing Plaintiff's limitations. The Court agrees that remand is not warranted on the issue of the ALJ's assessment and hypothetical to the vocational expert.

**2. Physicians' opinions.**

Plaintiff next objects to the magistrate judge's recommendation that the Court affirm the ALJ's evaluation of the opinions of two physicians, Dr. Sandvik and Dr. Robinson, who evaluated Plaintiff. Dr. Sandvik wrote that Plaintiff "has marked difficulties with social interaction and often is in interpersonal conflict." (AR at 374.) Dr. Robinson, who did not directly examine Plaintiff, concluded that Plaintiff "needs limited public and interpersonal contact." (AR at 392.) The ALJ did not explicitly address these opinions in her decision, but determined that Plaintiff "can have interactions with coworkers . . . however, even considering an additional limitation of the need to work independently and with a small group of coworkers, the vocational expert testified that the claimant could still perform the past relevant work of maid/housekeeper and order picker." (AR at 19.)

Plaintiff argues that the ALJ implicitly rejected the physicians' opinions—particularly as to potential interaction with coworkers and supervisors—without a legally sufficient basis. Plaintiff also objects that Dr. Sandvik "described global limitations, i.e., limitations relating to the co-workers, the public, and supervisors," whereas the magistrate judge assumed that any

social limitations would not extend to supervisors. (Dkt. No. 26 at 4-5.)

The Court finds Plaintiff's arguments on this issue unpersuasive. Dr. Sandvik's statement that Plaintiff has "marked difficulties with social interaction" immediately preceded his statement that "it is difficult from the perspective of psychiatry in terms of her formal mental status testing to find that she cannot work at this time." (AR at 374.) He also stated in his formal diagnosis that while Plaintiff has "some difficulty in social and other functioning . . . she does have friends; she does have some meaningful interpersonal relationships and interests." (*Id.* at 373.) Thus, read in context rather than cherry-picked, Dr. Sandvik's statements support the ALJ's conclusion that Plaintiff "can have interactions with coworkers" or that, if limited to working independently, Plaintiff can still perform her past work. (*Id.* at 19.) The ALJ also appropriately gave greater weight to the opinion of Dr. Sandvik, as an examining physician, than the opinion of Dr. Robinson. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

Even if the ALJ implicitly rejected the physicians' opinions, she cited ample evidence that Plaintiff willingly engages in social interaction and that she need not be significantly limited in interacting with coworkers. (AR at 17-19.) The magistrate judge also points to Dr. Gollogly's June 2008 statement that Plaintiff "should be able to tolerate interaction with the general public and also co-workers" (AR at 704), which Plaintiff ignores in her objections.

Finally, the Court sees no meaningful distinction between Plaintiff's ability to interact with coworkers and her ability to interact with supervisors. Dr. Sandvik did not find that Plaintiff is limited "globally" or in any way specific to supervisors. Because the ALJ's conclusion that Plaintiff can interact with coworkers is supported by substantial evidence, that conclusion applies equally to supervisors.

The Court agrees with the magistrate judge that Plaintiff has not demonstrated error with respect to the physicians' opinions.

### 3. Side effects.

Plaintiff's final objection relates to the purported side effects of her medications. She

argues that the magistrate judge "agreed" that the ALJ "provided no explicit rejection of Kolvick's testimony about side effects of medication." (Dkt. No. 26 at 6.) Plaintiff, however, ignores the magistrate judge's detailed explanation for why the failure of the ALJ to reject this testimony explicitly was not reversible error. (Dkt. No. 24 at 13-15.) The magistrate judge notes that the ALJ did in fact consider the testimony regarding side effects—including evidence that the side effects had improved—and that Plaintiff's drug-seeking behavior undermined her credibility. The inferences the magistrate judge draws from the decision of the ALJ are "specific and legitimate." *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The Court therefore concurs that Plaintiff has failed to demonstrate error on this issue.

## III.  CONCLUSION

For the foregoing reasons, the Court ADOPTS the report and recommendation of the magistrate judge. (Dkt. No. 24.) The Court REMANDS this matter for further administrative proceedings. The Clerk shall distribute copies of this Order to all counsel and to Judge Theiler.

DATED this 6th day of October 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6